**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7077

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SLADE MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Richard L. Williams, Senior District Judge.  (CR-89-196-A; CA-97-676-AM)

Submitted:  June 28, 2004          Decided:  October 14, 2004

Before WIDENER, LUTTIG, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Slade Miller, Appellant Pro Se.  William Neil Hammerstrom, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Slade Miller seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b) in his underlying 28 U.S.C. § 2255 (2000) action. The order denying Miller's Rule 60(b) motion is not appealable unless a circuit justice or judge issues a certificate of appealability.[*] 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Miller has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]We have recently held that a certificate of appealability is required when appealing from the denial of a Rule 60(b) motion in a 28 U.S.C. § 2254 action. See Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004).